787 So.2d 259 (2001)
Derrick Leonard YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4262.
District Court of Appeal of Florida, Second District.
May 25, 2001.
*260 BLUE, Judge.
Derrick Leonard Young appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Young first claims that he was sentenced illegally because the trial court imposed habitual violent felony offender sentences on life felonies. Young is correct that at the time the offenses in this case were committed, April 15, 1991, habitual sentences could not be imposed on life felonies. See Lamont v. State, 610 So.2d 435 (Fla.1992). Because the trial court did not attach to its order any portion of the record refuting Young's claim, we reverse and remand this issue. On remand, the trial court shall determine whether Young was, in fact, habitualized on any offenses that are life felonies. If the court finds that he was illegally sentenced, the trial court shall resentence him accordingly. If the court finds that he was not illegally sentenced, it shall attach to its order portions of the record that conclusively refute Young's claim.
Young next claims he was sentenced in violation of Hale v. State, 630 So.2d 521 (Fla.1993). His claim is facially insufficient as a rule 3.800(a) motion because he failed to assert that the determination of whether the offenses were part of the same criminal episode could be made "without resort to extra-record facts." See Allen v. State, 779 So.2d 471 (Fla. 2d DCA 2000); Adams v. State, 755 So.2d 678 (Fla. 2d DCA 1999). We, therefore, affirm this claim without prejudice to any right Young might have to file a facially sufficient claim under rule 3.800(a) or a timely motion under rule 3.850.
We also note that, in his motion, Young alleges he received a sentence of life imprisonment as a habitual violent felony offender on his conviction for attempted armed robbery. The maximum punishment for a second degree felony under the habitual violent felony offender statute is thirty years' imprisonment. § 775.084, Fla. Stat. (1991). Therefore, this sentence may be illegal. On remand, the trial court shall either resentence Young on count two within the maximum allowed or attach a portion of the record that refutes Young's claim. See, e.g., Williams v. State, 590 So.2d 526 (Fla. 2d DCA 1991) (stating that enhancement for use of a firearm under section 775.087 is improper on attempted robbery with a firearm conviction).
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and FULMER, J., Concur.