BLUE, Chief Judge.
Nathan Mack timely appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 8.800(a) and the dismissal for untimeliness of his motion for postconviction relief filed pursuant to rule 3.850. We affirm without comment the dismissal for untimeliness of the 3.850 motion, and we reverse on two issues in the 3.800(a) motion. The balance of the 3.800(a) motion is affirmed without comment.
Mack committed multiple crimes on August 3, 1989, and was sentenced on July 18, 1990. His sentences included consecutive habitual felony offender sentences and consecutive minimum mandatory sentences. If all of Mack’s offenses were part of a single criminal episode, the consecutive sentences could potentially be in violation of Hale v. State, 630 So.2d 521 (Fla.1993), and Palmer v. State, 438 So.2d 1 (Fla.1983).
Mack is beyond the time frame for bringing these claims in a 3.850 motion. These claims may be raised in a 3.800(a) motion if a court can determine from the face of the record whether his offenses were part of the same criminal episode. See Young v. State, 787 So.2d 259, 260 *916 (Fla. 2d DCA 2001); Dorsey v. State, 795 So.2d 1082 (Fla. 2d DCA 2001).
The trial court denied Mack’s claims because the trial court erroneously believed that the claims could not be raised in a 3.800(a) motion. We reverse for the trial court to reconsider these claims in light of Young and Dorsey.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., Concur.