818 So.2d 693 (2002)
Ira STAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1305.
District Court of Appeal of Florida, Fifth District.
June 14, 2002.
James B. Gibson, Public Defender and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Ira Stafford appeals his sentences arguing that the trial court erred in determining that it was required to impose consecutive sentences in this case. We agree and therefore vacate Stafford's sentences and remand for resentencing.
After Stafford was convicted of committing the crimes of armed burglary and armed robbery, the State requested the imposition of consecutive sentences citing to section 775.087 of the Florida Statutes (the "10-20-life" statute), asserting that imposition of consecutive sentencing was required. Stafford objected, arguing that the trial court possessed discretion to impose *694 concurrent sentences. The trial court sentenced Stafford to a term of 10 years imprisonment on each conviction and directed that the sentences were to run consecutively, specifically stating on the record that it felt constrained by the language of the 10-20-life statute to impose consecutive sentences. This appeal timely followed.
Stafford argues that the trial court was under the misapprehension that the 10-20-life statute required the court to impose consecutive sentences and therefore he is entitled to receive a new sentencing hearing so that the court can properly exercise its discretion in deciding whether to impose consecutive sentencing. We agree.
The 10-20-life statute provides, in relevant part, as follows:
775.087. Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence
* * *
[3](d) It is the intent of the Legislature that offenders who possess, carry, display, use, threaten to use, or attempt to use a semiautomatic firearm and its high-capacity detachable box magazine or a machine gun as defined in s. 790.001 be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
(Emphasis added).
The issue presented as to whether the language highlighted above requires the trial court to impose consecutive sentencing was recently addressed by the Third District in Mondesir v. State, 814 So.2d 1172, 27 Fla. L. Weekly D867 (Fla. 3d DCA April 17, 2002). In that case, the defendant was on probation for two drug offenses when he was convicted of committing new substantive offenses of aggravated assault with a firearm, kidnaping with a firearm, carjacking with a firearm, robbery with a firearm, and possession of a firearm during the commission of the other four felonies. The substantive firearm offenses were subject to the sentencing provisions of the 10-20-life statute and the court imposed concurrent terms of imprisonment under that statute. The defendant appealed his judgments and sentences, and the State cross-appealed challenging the trial court's failure to impose consecutive sentences. In asserting its cross-appeal, the State argued that the trial court erred in refusing to impose consecutive sentences, claiming that the 10-20-life statute required consecutive sentences as to each of the four 10-20-life offenses. Upon review, the Third District disagreed:
Merely on the face of the statute, the reference to "any other" felony refers, as in this case, only to another separate crime, rather than those involved in a single prosecution. In the comments to its Final Analysis of CS/CS/HB 113 (SB 194), which became Chapter 99-12, Laws of Florida, and subsection 775.087(2), the Committee on Crime and Punishment in the House of Representatives so stated:
Consecutive Sentences
The bill provides that the Legislature intends for the new minimum mandatory sentences to be imposed for each qualifying count, and the court is required to impose the minimum mandatory sentences required by the bill consecutive to any other term of imprisonment imposed for any other felony offense. This provision does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other.
*695 The reasoning set forth by the court in Mondesir is sound and hereby adopted.
The State argues that Stafford's sentence should be affirmed because this legislative intent argument is being raised for the first time on appeal. We disagree because the record clearly demonstrates that Stafford raised an objection to the imposition of consecutive sentencing both at the time of sentencing and by filing a post-sentencing motion for rehearing.
The State also asserts that, contrary to Stafford's claim otherwise, the trial court did exercise its discretion in determining that consecutive sentencing was warranted in this case. However, independent review of the record reveals that the trial court specifically stated on the record that it felt constrained to impose consecutive sentences:
The question is what sentence can be imposed that is a just sentence and quite frankly, considering his background and considering his history and virtual lack of authority, virtual lack of record whatsoever, if I had discretion I might not impose the sentence that I think needs to be imposed. But as I read the statute I have to impose the minimum mandatory on each count and have to run them consecutive. And I'm putting that on the record because I believe that is what the statute says. So if the case is reviewed, and I'm sure it will be, then those reviewing it can take my words at heart because that is what I believe the law is, and if they disagree with me they sure know how to tell me.
Sentences VACATED and cause REMANDED for resentencing.
COBB and HARRIS, JJ., concur.