SILBERMAN, Judge.
John R. McMaster-Wade appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In August 1990, McMaster Wade committed a kidnapping, a lewd and lascivious act, and seven sexual batteries. He received habitual violent felony offender sentences on all counts. In the rule 3.800(a) motion, McMaster-Wade contends that he could not receive a habitual sentence for the kidnapping because it was a life felony. McMaster-Wade is correct that at the time the offenses were committed, habitual sentences could not be imposed on life felonies. See Lamont v. State, 610 So.2d 435, 438 (Fla.1992). This claim is cognizable under rule 3.800(a). See Young v. State, 787 So.2d 259, 260 (Fla. 2d DCA 2001). The trial court failed to refute conclusively this claim. We therefore reverse and remand for further proceedings.
Under section 787.01(3), Florida Statutes (1989), kidnapping is enhanced to a life felony if the victim is under the age of thirteen, and during the course of the kidnapping, the defendant commits one of several enumerated offenses, including sexual battery. The record on appeal does not include the information or the verdict form, but the sentencing transcript indicates that McMaster-Wade’s charge of kidnapping was enhanced to a life felony because the victim was under the age of thirteen and a sexual battery occurred during the course of the kidnapping.
The kidnapping was listed and scored as a life felony on the sentencing guidelines scoresheet, and the judgment shows that the kidnapping was a violation of both section 787.01(l)(a)(2) and section 787.01(3), Florida Statutes (1989). While the judgment states that the offense was a first-degree felony, in light of the other portions of the record, this would seem to be a scrivener’s error. However, we cannot resolve the discrepancy based on the limited record before us.
Because the trial court did not attach to its order any portion of the record that conclusively refutes McMaster-Wade’s claim, we reverse and remand this issue. On remand, the trial court shall determine whether McMaster-Wade was, in fact, habitualized on a life felony. If the trial court finds that he was illegally sentenced, the trial court shall resentence him to a legal sentence. If the trial court finds that he was not illegally sentenced, the trial court shall attach to its order those portions of the record that conclusively refute McMaster-Wade’s claim.
Reversed and remanded.
GREEN and DAVIS, JJ., Concur.