842 So.2d 198 (2003)
Redwin Anderson WILCHCOMBE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3400.
District Court of Appeal of Florida, Third District.
March 26, 2003.
Rehearing Denied April 16, 2003.
*199 Michael Hursey, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael J. Neimand, Melissa Vaughan Rubin, Frank J. Ingrassia, Assistant Attorneys General (Ft. Lauderdale), for appellee.
Before GREEN and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
A jury convicted Redwin Wilchcombe of false imprisonment with a firearm, aggravated assault with a firearm, two counts of battery, and aggravated battery with a firearm. All charges stemmed from an incident on January 21, 2000 during which Wilchcombe beat his wife at their home, pointed a loaded gun at her, confined her against her will, and threatened to kill her.
Wilchcombe was sentenced to 3 years minimum mandatory for aggravated assault with a firearm, per Section 775.087(2)(a)(1)(f), Florida Statutes (2000); a consecutive 10 years minimum mandatory for aggravated battery with a firearm, per Section 775.087(2)(a)(1)(g), Florida Statutes (2000); a consecutive 21 months for false imprisonment with a firearm (to commence after the 13 years of minimum mandatory sentences for aggravated assault with a firearm and aggravated battery with a firearm), per Section 787.02(2), Florida Statutes (2000), and 3 year sentences, both of which were suspended, on the two battery counts.
We affirm Wilchcombe's conviction, but remand this matter to the trial court for resentencing.
The trial court exercises broad discretion in the admission of evidence, and in determining whether its probative value outweighs any prejudicial effect. See § 90.403, Fla. Stat. (2000); Dennis v. State, 817 So.2d 741 (Fla.2002); Heath v. State, 648 So.2d 660 (Fla.1994); Robertson v. State, 780 So.2d 106 (Fla. 3d DCA 2001). The trial court did not abuse its discretion by allowing the state to introduce direct evidence of the controlling nature of Wilchcombe's relationship with the victim, or, after defendant questioned the reasonableness of the victim's fears and actions, allowing evidence of specific prior violent acts and threats. The trial court had previously ruled that such cross-examination would open the door to such evidence. The evidence proved material issues other than defendant's character, such as the "well founded fear" and perceptions of the victim, particularly after defendant challenged the reasonableness of the victim's fears and actions on cross-examination. "Evidence of any facts relevant to a material fact in issue except where the sole relevance is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion." Williams v. State, 110 So.2d 654, 663 (Fla.1959), cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). In analogous situations, similar evidence has been deemed admissible to show motive, premeditation or intent. Dennis v. State, 817 So.2d 741, 762 (Fla.2002); Burgal v. State, 740 So.2d 82 (Fla. 3d DCA 1999); Brown v. State, 611 So.2d 540(Fla. 3d DCA 1992).
Wilchcombe further argues that the prosecutor, during closing, made improper comments as to the "uncontroverted evidence" and attacks on defense counsel, *200 requiring a new trial. Since there were no contemporaneous objections to the prosecutor's remarks, this point is not preserved for appeal unless the prosecutor's comments constituted "fundamental error." McDonald v. State, 743 So.2d 501 (Fla.1999); Echevarria v. State, 783 So.2d 1236 (Fla. 5th DCA 2001); Williams v. State, 682 So.2d 631 (Fla. 3d DCA 1996). Here, on the whole, the comments made during closing were fair comments on the evidence and direct responses to defense arguments, and did not amount to "fundamental error" which tainted the validity of the trial. Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996).
Finally, Wilchcombe urges that the trial court misapplied the sentencing statutes, incorrectly believing that under Section 775.087, Florida Statutes(2000)(the 10-20-life law) it had to sentence Wilchcombe to consecutive minimum mandatory sentences on charges all arising from the same criminal episode. We agree with Wilchcombe that the trial judge was mistaken in this regard, on the basis stated in Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002). See also Williams v. State 820 So.2d 1000 (Fla. 3d DCA 2002)(affirming concurrent minimum mandatory sentences under Section 775.087); Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002)(remanding for trial court to exercise its discretion in deciding whether to impose consecutive sentences after original sentence was based upon misapprehension that 10-20-life law required consecutive sentences); Sehnal v. State, 826 So.2d 498 (Fla. 4th DCA 2002)(remanding to trial court for resentencing after mistaken belief that statute mandated consecutive sentences).
Where, as here, two or more enhanced sentences arise out of the same criminal episode, the sentences should run concurrently. Jackson v. State, 659 So.2d 1060 (Fla.1995); Palmer v. State, 438 So.2d 1 (Fla.1983); Tunsil v. State, 797 So.2d 651 (Fla. 3d DCA 2001); Lafleur v. State, 661 So.2d 346 (Fla. 3d DCA 1995).
Accordingly, we affirm the convictions, and remand this matter to the trial court for resentencing.