853 So.2d 604 (2003)
Michael A. PERREAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1959.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
*605 Michael A. Perreault, Lake City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Michael Perreault appeals an order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant was found guilty of two counts of burglary of an occupied dwelling with an assault or battery with a firearm, kidnapping with a weapon, and possession of drug paraphernalia. He was sentenced on each of the felony counts to 12 years incarceration, with a ten year minimum mandatory term, each count to run consecutively. The consecutive ten year minimum mandatory terms were imposed pursuant to section 775.087(2)(a)1., Florida Statutes, known as "The 10-20-Life Law."[1] After trial, appellant pled to a charge of possession of a firearm by a convicted felon. He received a three year minimum mandatory sentence, running consecutive to the other sentences. Appellant argues that his firearm offenses were committed during a single criminal episode, and he did not point or shoot the firearm at any of the victims. See generally Cook v. State, 775 So.2d 425 (Fla. 5th DCA 2001). He argues that the sentences are illegal because the court cannot impose consecutive minimum mandatory terms for the firearm offenses committed during a single criminal episode.
*606 If minimum mandatory terms for firearm offenses are appropriate under section 775.087(2), Florida Statutes (2002), and the offenses were tried together in the same prosecution, it is generally within the trial court's discretion to impose either concurrent or consecutive minimum mandatory terms. See Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002). This general rule, however, is not applicable when firearm offenses are committed during the same criminal episode. It has long been held that the Legislature did not intend for minimum mandatory terms to run consecutive to each other when the firearm offenses all occurred during the same criminal episode. This precedent predates the "10-20-Life Law" in section 775.087(2)(a), Florida Statutes (2002). See Palmer v. State, 438 So.2d 1 (Fla.1983).
The Stafford case which was cited by the trial court in denying relief held that a sentencing court retains discretion to impose concurrent minimum mandatory terms under section 775.087(2) for firearm offenses included in the same prosecution. By implication, the trial court would also have discretion to impose consecutive minimum mandatory terms. However, in Stafford there is no discussion as to whether the counts in that particular case arose from a single criminal episode. Stafford adopted the reasoning of Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002). In Mondesir, the Third District likewise did not make clear as to whether the multiple firearm offenses in that case arose out of a single episode. However, the same appellate court that issued Mondesir in a later case recognized the continued validity of Palmer v. State, and prohibited minimum mandatory terms under the 10-20-Life Law from being stacked when the firearm offenses arose out of the same criminal episode. See Wilchcombe v. State, 842 So.2d 198 (Fla. 3d DCA 2003). Accord Green v. State, 845 So.2d 895 (Fla. 3d DCA 2003). In Cunningham v. State, 838 So.2d 627 (Fla. 5th DCA 2003), the state conceded that it was error for the trial court to stack minimum mandatory terms for firearm offenses which occurred during the same criminal episode, and the trial court indicated that it would have corrected the sentences had the time for considering a Rule 3.800(b) motion not expired. This court therefore vacated the sentence and remanded for resentencing to reflect concurrent, rather than consecutive, minimum mandatory terms.
If it is clear from the record that a defendant received improper consecutive minimum mandatory terms for offenses which occurred during a single criminal episode, then Rule 3.800(a) relief is available to correct the sentencing error. We have held that Rule 3.800(a) provides a remedy when consecutive habitual offender sentences are imposed for offenses that arose out of a single episode. See, e.g., Spires v. State, 796 So.2d 1245 (Fla. 5th DCA 2001); West v. State, 790 So.2d 513 (Fla. 5th DCA 2001). The same would be true for consecutive minimum mandatory terms for firearm offenses, provided that it is clear on the record that the offenses were committed during a single criminal episode. In State v. Mancino, 714 So.2d 429 (Fla.1998), the supreme court clarified that the term "illegal sentence" as used in Florida Rule of Criminal Procedure 3.800(a) was not limited to only those sentences that exceed the statutory maximum. In Witherspoon v. State, 833 So.2d 790 (Fla. 3d DCA 2002), the Third District Court of Appeal reversed an order denying a Rule 3.800(a) motion where the state conceded that it was error for the trial court to impose consecutive minimum mandatory sentences for firearm offenses where the offenses occurred during a single criminal episode. See also Mack v. State, 805 So.2d 915 (Fla. 2d DCA 2001).
*607 As appellant in the instant case received a jury trial, it would likely be clear from the evidence presented at trial whether the offenses took place during the same criminal episode. Cf. Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). However, if it is not clear on the face of the record, then Rule 3.800(a) would not be a proper remedy. See Burgess v. State, 831 So.2d 137 (Fla.2002).
The order denying relief in this case is reversed. This case is remanded for the trial court to either attach portions of the record showing that the offenses did not take place during the same criminal episode, or that the record is unclear as to this factual issue. The trial court should re-sentence appellant if the record supports his argument. See Canavan v. State, 842 So.2d 306 (Fla. 5th DCA 2003); Whitfield v. State, 804 So.2d 1274 (Fla. 5th DCA 2002).
REVERSED and REMANDED.
PETERSON, J., concurs.
ORFINGER, J., concurs specially with opinion.
ORFINGER, J., concurring specially.
Because of this court's prior holding in Cunningham v. State, 838 So.2d 627 (Fla. 5th DCA 2003), I concur with the majority's opinion. In Cunningham, following the State's confession of error, we held that a defendant's minimum mandatory sentences arising from a single criminal episode were required to be served concurrently, not consecutively. Accord Wilchcombe v. State, 842 So.2d 198 (Fla. 3d DCA 2003).
Cunningham and Wilchcombe are supported by the Florida Supreme Court's ruling in Palmer v. State, 438 So.2d 1 (Fla.1983). In Palmer, the supreme court held that multiple minimum mandatory sentences arising out of a single criminal episode must be served concurrently and not consecutively. Palmer predates the enactment of the relevant revision to section 775.087(2)(d), Florida Statutes, and interpreted section 775.087 as it then existed. I believe that a reasonable argument can be made that section 775.087(2), in its current form, represents a legislative repudiation of the holding of Palmer. At the same time, I recognize that neither the statute nor the Legislature's staff analysis of the bill revising section 775.087 expressly indicates the Legislature's intent to nullify Palmer.
CS/SB 194, which became chapter 99-12, Laws of Florida, and created subsection 775.087(2), stated the intent of the Legislature in revising section 775.087(2). It provided in part:
WHEREAS, the Legislature intends to hold criminals more accountable for their crimes, and intends for criminals who use guns to commit violent crimes to receive greater criminal penalties than they do today, and
WHEREAS, the Legislature intends... these criminals be sentenced to longer mandatory prison terms than provided in current law, so that these offenders cannot again endanger law enforcement officers and the public, and... that will effectively incapacitate the offender ... [and]
WHEREAS, it is the intent of the Legislature that criminals who use guns to commit violent crimes be vigorously prosecuted and that the state demand that minimum mandatory terms of imprisonment be imposed pursuant to this act, NOW, THEREFORE, ...
2(d) It is the intent of the Legislature that offenders who possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, *608 and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted.
Fla. CS for SB 194 (1999) (First Engrossed). Based on this language, section 775.087(2), as revised, clearly indicates to me that the Legislature intended offenders who possess, carry or use firearms be punished to the full extent of the law.
In Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002), we recognized that the trial court was not required to impose consecutive minimum mandatory sentences under section 775.087, but we did not hold that the court was not permitted to do so. However, the third district court did reach that conclusion in Wilchcombe, concluding that the supreme court's decision in Palmer had not been legislatively nullified. Because, as Judge Schwartz observed in Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002), reasonable doubts should be resolved under the rule of lenity in favor of the defendant, see Rodriguez v. State, 773 So.2d 1222 (Fla. 3d DCA 2000), and the issue presented here is less than clear, I concur with the majority's opinion. However, I believe that it is within the Legislature's discretion to authorize consecutive minimum mandatory sentences, even for crimes arising out of a single incident, provided, of course that a defendant's double jeopardy protections are not violated. If the Legislature intended to repudiate Palmer, it should clearly express its intention to do so.
NOTES
[1] Ch. 99-12, § 1, Laws of Fla.