863 So.2d 410 (2003)
Harutyun ARUTYUNYAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1524.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
*411 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Harutyun Arutyunyan, the appellant, was convicted of attempted first degree murder, with a firearm, of a law enforcement officer (count I), shooting into an occupied building (count II), and grand theft with a firearm (count III). Ultimately, appellant was sentenced to life with a twenty-year mandatory minimum for count I and to fifteen years each for counts II and III. The mandatory minimum imposed for count I was ordered to run consecutive to the sentences imposed for counts II and III. In this appeal, Arutyunyan contests both his convictions and his sentence. We affirm the convictions,[1] but find merit in appellant's challenge to his sentence.
Arutyunyan discharged a firearm in the commission of the attempted murder of *412 Officer John Curry. Consequently, pursuant to the 10/20/life statute, section 775.087(2)(a)2., Florida Statutes (2002), the trial court was required to impose a twenty-year mandatory minimum sentence. The issue that arose at the sentencing hearing, however, was whether the court had discretion to order that this mandatory minimum run consecutive to or concurrent with the sentences imposed for counts II and III. The State convinced the court that the statute required that the mandatory minimum run consecutive to the sentences for counts II and III. However, the State's position was in error.
Subsection (2)(d) of the 10/20/life statute states that "[t]he court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense." § 775.087(2)(d). The words "any other felony offense" have been ascribed a specific meaning: "the reference to `any other' felony refers ... only to another separate crime, rather than those involved in a single prosecution." Mondesir v. State, 814 So.2d 1172, 1173 (Fla. 3d DCA 2002)(emphasis in original); see also Stafford v. State, 818 So.2d 693, 694-95 (Fla. 5th DCA 2002)(expressly adopting the reasoning on this issue set forth in Mondesir). Arutyunyan was being sentenced for felonies tried within a single prosecution. Thus, section 775.087(2)(d)'s directive regarding consecutive sentencing has no application, leaving the court free to choose whether the mandatory minimum sentence should run consecutive to or concurrent with the sentences imposed for counts II and III. Since the trial court was expressly operating under the belief that section 775.087(2)(d) required consecutive sentencing, we reverse the sentence imposed and remand to allow the judge the opportunity to consider the option of concurrent sentencing. The court is free, however, to again order that the minimum mandatory be served consecutive to the sentences imposed for counts II and III.
AFFIRMED in part; REVERSED in part; and REMANDED.
WARNER and GROSS, JJ., concur.
NOTES
[1] Among the issues raised by appellant is a claim that his counsel conceded his guilt to counts II and III, without his consent, amounting to ineffective assistance of counsel per se. This claim is not cognizable on direct appeal as the ineffective assistance is not apparent from the face of the record. See, e.g., Barrientos v. State, 825 So.2d 1065, 1067 (Fla. 4th DCA 2002), review denied, 845 So.2d 887 (Fla.2003). Our affirmance of this claim, however, is without prejudice to appellant's right to seek postconviction relief.