ON MOTION FOR CLARIFICATION

SHARP, W., J.
We grant the state’s Motion for Clarification, withdraw our previous opinion and issue this opinion in its place.
Fairrow appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He was tried and convicted of burglary of a dwelling while armed and three counts of aggravated assault with a deadly weapon. The jury found he carried a firearm, concerning all counts, and he was sentenced to a ten year minimum mandatory term for the burglary and consecutive three year minimum mandatory terms for each of the three aggravated assaults, for a total of nineteen years.
Fairrow raises three grounds in this motion. We find the first two, newly discovered evidence and ineffective assistance of triál counsel, lack merit. However, his third ground — that the trial court erred in stacking the minimum mandatory sentences — may have merit.
The state points out that Fairrow questioned the propriety of the consecutive minimum mandatory sentences in his direct appeal, which was preserved by his having filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). This court affirmed without opinion. See Fairrow v. State, 842 So.2d 129 (Fla. 5th DCA 2003). However, the issue raised there— that the court misapprehended that consecutive terms were mandatory and not discretionary — is different from the issue raised here — that consecutive minimum sentences are not authorized under section 775.087(2) at all, because the offenses were committed during a single criminal episode. See, e.g., Perreault v. State, 853 So.2d 604 (Fla. 5th DCA 2003); Green v. State, 845 So.2d 895 (Fla. 3d DCA 2003); Wilchcombe v. State, 842 So.2d 198 (Fla. *1207 3d DCA 2003); Cunningham v. State, 838 So.2d 627 (Fla. 5th DCA 2003).
Based on our reading of the facts stated in Fairrow’s initial appeal, his convictions appear to have arisen from a single criminal episode. Thus, the trial court should either have corrected the consecutive mandatory terms and imposed a legal sentence, or attached portions of the record showing that the offenses were not part of a single criminal episode. See Ellis v. State, 869 So.2d 52 (Fla. 5th DCA 2004). Accordingly, we affirm as to the first two grounds, but remand this case to the trial judge to address ground three.
AFFIRMED in part; REVERSED in part; REMANDED.
THOMPSON and MONACO, JJ., concur.