GERBER, J.
The defendant appeals his four consecutive minimum mandatory twenty-year sentences on four counts of aggravated assault with a firearm resulting from one criminal episode. He argues the trial court erred in finding that it was required to impose consecutive sentences pursuant to section 775.087(2)(d), Florida Statutes (2008), which provides:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
§ 775.087(2)(d), Fla. Stat. (2008) (emphasis added).
Applying the plain language of section 775.087(2)(d), as interpreted by our supreme court in State v. Sousa, 903 So.2d 923 (Fla.2005), we conclude that the trial court was required to impose consecutive sentences. Therefore, we affirm. However, because this issue likely will recur statewide, and because our supreme court has not addressed whether consecutive sentences are required under section 775.087(2)(d), we certify the following question to be of great public importance:
Does section 775.087(2)(d)’s statement that “The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense” require consecutive sentences when the sentences arise from one criminal episode?
This certified question arises from the following history of the case. Four men were outside their home when they exchanged words with the defendant. The defendant pulled a gun, pointed it at the men, and then fired the gun into the air multiple times, causing the men to run inside their home.
The state charged the defendant by information with four counts of aggravated assault with a firearm, during the course of which the defendant actually possessed and discharged a firearm. The four counts corresponded with each of the four victims.
*881 The jury found the defendant guilty as charged on all four counts. The- jury also specifically found that the defendant actually possessed and discharged a firearm on all four counts.
At sentencing, the court first recognized that each count carried a minimum mandatory twenty-year sentence. See § 775.087(2)(a)2„ Fla. Stat. (2008) (“Any person who is convicted of a felony ... listed in sub-subparagraphs (a)l.a.-q. [including aggravated assault] ... and during the course of the commission of the felony such person discharged a ‘firearm’ ... shall be sentenced to a minimum term of imprisonment of 20 years.”).
The court then heard the parties’ sentencing recommendations. The state recommended that the court impose consecutive sentences. The defendant recommended that the court impose concurrent sentences. The defendant argued that consecutive sentences were not required. In support, the defendant cited State v. Christian, 692 So.2d 889 (Fla.1997), where our supreme court held: “As a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim.” Id. at 890 (emphasis added; footnotes omitted).
The state replied that section 775.087(2)(d), which the legislature added in 1999 after Christian, required consecutive sentences. The state also cited Scott v. State, 42 So.3d 923 (Fla. 2d DCA 2010), where the second district held that under section 775.087(2)(d), a trial court could impose consecutive sentences upon a defendant who sprayed gunfire at multiple victims in a single episode but did not strike anyone.
The trial court agreed with the state’s recommendation to impose consecutive sentences. The court reasoned:
Given the language of [section 775.087](2)(d), as well as this Scott opinion from the [second district], I believe that ... it’s not a permissible stacking situation, it’s a mandatory stacking situation. Pre-amendment, it would appear that it would have been merely permissible. But again, in this amendment to the statute, and the language in the Scott opinion, it appears to be mandatory.
The court then sentenced the defendant to the four consecutive minimum mandatory twenty-year sentences on the four counts of aggravated assault with a firearm.
The defendant filed a notice of appeal. While the appeal was pending, the defendant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. The motion raised two grounds.
First, the defendant argued that the trial court misinterpreted Scott as requiring consecutive sentences. According to the defendant, Scott used language implying that the trial court had the discretion to impose either consecutive or concurrent sentences. The defendant quoted the following language from Scott:
There is no dispute that the crimes in this case arose from a single criminal episode and that [the defendant] did not move during the entire duration of the incident. But the issue before us is whether the fact that [the defendant’s] conduct threatened multiple victims allows stacking of the mandatory minimum portions of his sentences.
42 So.3d at 924-25 (emphasis added).
Second, the defendant argued that section 775.087(2)(d)’s last clause, requiring consecutive sentences “for any other felo *882 ny offense,” refers to an offense arising from a separate criminal episode, rather than an offense arising from the same criminal episode. To support that argument, the defendant cited Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002), and Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002). Those cases held that “on the face of [section 775.087(2)(d) ], the reference to ‘any other’ felony refers ... only to another separate crime, rather than those involved in a single prosecution.” Stafford, 818 So.2d at 694 (citation omitted); Mondesir, 814 So.2d at 1173 (footnote and emphasis omitted). To support that holding, those courts also relied upon section 775.082(2)(d)’s accompanying legislative staff analysis:

Consecutive Sentences

The bill provides that the Legislature intends for the new minimum mandatory sentences to be imposed for each qualifying count, and the court is required to impose the minimum mandatory sentences required by the bill consecutive to any other term of imprisonment imposed for any other felony offense. This provision does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other.
Fla. House of Reps. Comm, on Crime & Punishment, Final Analysis, CS/CS/HB 113 (SB 194) (emphasis added).
A successor judge heard the defendant’s motion to correct sentencing error. That judge denied the motion orally and by written order. The order stated, in pertinent part: “The language, in [section 775.087(2)(d) ], although ambiguous, seems to suggest that the sentencing court is required to impose consecutive sentences under these circumstances.”
The defendant then resumed this appeal, supplementing his argument with his motion to correct sentencing error and the successor judge’s order denying that motion. He argues both judges erred in finding that they were required to impose consecutive sentences pursuant to section 775.087(2)(d). The defendant’s briefs essentially mirror the arguments which the defendant raised below. Our review is de novo. See Johnson v. State, 78 So.3d 1305, 1310 (Fla.2012) (“Judicial interpretations of statutes are pure questions of law subject to de novo review.”).
Applying the plain language of section 775.087(2)(d), as interpreted by our supreme court in State v. Sousa, 903 So.2d 923 (Fla.2005), we conclude that the trial court was required to impose consecutive sentences.
To support our conclusion, we first provide a detailed recitation of Sousa before explaining our reasoning in this case.
In Sousa, the defendant shot at three people during one criminal episode. Two of the people were struck. A jury convicted the defendant of two counts of attempted murder with a firearm and one count of aggravated assault with a firearm. The trial court imposed three consecutive sentences: fifty years of imprisonment with a twenty-five year mandatory minimum term for each of the second-degree murder convictions, and five years of imprisonment with a three-year mandatory minimum term for the aggravated assault conviction.
The second district reversed the consecutive sentences, holding that section 775.087(2)(d) did not “provide the legislative authorization necessary to require consecutive sentencing.” Sousa v. State (“Sousa I”), 868 So.2d 538, 540 (Fla. 2d DCA 2003). To support that holding, the second district agreed with Mondesir that section 775.087(2)(d)’s last clause, requiring consecutive sentences “for any other felony offense,” means that “sentences received pursuant to section 775.087(2)(d) *883 must only be consecutive to other felony sentences not subject to section 775.087(2)(d)." Sousa I, 868 So.2d at 539 (emphasis added) (citing Mondesir, 814 So.2d at 1178). After expressing this agreement with Mondesir, the second district acknowledged that the legislative staff analysis upon which Mondesir relied “appears to contrast with the wording of the statute.” Sousa I, 868 So.2d at 540. However, the second district agreed that Mondesir “appropriately looked to legislative history to clear up confusion surrounding this statute.” Id. at 540 n. 1 (citation omitted).
Our supreme court accepted jurisdiction to review Sousa I. State v. Sousa (“Sousa II”), 903 So.2d 923 (Fla.2005). According to the supreme court, Sousa I was in conflict with its holding in Christian that “a trial court did have the authority to impose consecutive mandatory minimum sentences where a gun was fired at and injured multiple victims.” Sousa II, 903 So.2d at 924 (emphasis added). The supreme court later characterized Christian as recognizing that “consecutive mandatory minimum sentences are permissible when a defendant shoots at multiple victims.” Sousa II, 903 So.2d at 926 (emphasis added).
Upon consideration of Christian and other cases, Sousa II, 903 So.2d at 924-26, the supreme court quashed Sousa I and disapproved Mondesir. Sousa II, 903 So.2d at 928. The court reasoned:
We do not agree with the reasoning of the Third District in Mondesir to the extent it construes the statute to mean that the “any other” language only refers to crimes which took place at different times. We find nothing in the statutory language which supports that construction of the statute. The statute’s plain language does not state that, nor do we find the language of the statute to be ambiguous.
[[Image here]]
In this case, section 775.087(2)(d) states that “[t]he court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.” The Second District, in following the holding of Mondesir, construed this provision to hold that a trial court is precluded from imposing consecutive mandatory minimum sentences unless the other felony offenses occurred during a different criminal episode. The Second District’s decision does not apply the plain language of the statute....
... As [the defendant’s] consecutive mandatory minimum sentences were proper under these circumstances, we remand with instructions to reinstate the trial judge’s imposition of consecutive sentences.
Id. at 927-28 (emphasis added; internal citations and quotations omitted).
Sousa II thus answered the question of whether consecutive mandatory minimum sentences are permissible under section 775.087(2)(d), even if the “other felony offense[s]” fall under section 775.087’s mandatory minimum provisions and occur during the same criminal episode. Sousa II left unanswered the question of whether consecutive mandatory minimum sentences are required by section 775.087(2)(d) under the same circumstances.
We answer that question “yes” after applying the plain language of section 775.087(2)(d), as interpreted by the supreme court in Sousa II. Section 775.087(2)(d)’s last clause states: “The court shall impose any term of imprisonment provided for in this subsection consecutively. to any other term of imprisonment imposed for any other felony *884 offense.” (emphasis added). The supreme court held in Sousa II that “any other felony offense” may include offenses falling under section 775.087(2)(a)’s mandatory minimum provisions and occurring during the same criminal episode. Thus, when a defendant is convicted of such offenses, as occurred in this case, the word “shall” prefacing section 775.087(2)(d)’s last clause requires that a court impose consecutive sentences for each of those offenses. See Sanders v. City of Orlando, 997 So.2d 1089, 1095 (Fla.2008) (“The word ‘shall’ is mandatory in nature.”) (citation omitted).
The defendant argues that such an interpretation of section 775.087(2)(d)’s last clause misapplies Sousa II. According to the defendant, if such an interpretation were correct, then the supreme court in Sousa II could have held that consecutive sentences are not only permissible for offenses falling under section 775.087’s mandatory minimum provisions and occurring during the same criminal episode; such sentences are required. That argument is not persuasive. The issue before the supreme court in Sousa II was whether consecutive sentences are permissible, not whether such sentences are required. Our certified question now presents the latter issue to the supreme court.
The defendant also argues that such an interpretation of section 775.087(2)(d)’s last clause conflicts with our holding in Arutyunyan v. State, 863 So.2d 410 (Fla. 4th DCA 2003). There, we faced the same issue as in this case, that is, whether consecutive sentences are required for offenses falling under section 775.087(2)’s mandatory minimum provisions and occurring during the same criminal episode. Id. at 412. We held that such sentences are not required pursuant to Mondesir’s and Stafford’s holdings that “the reference to ‘any other ’ felony refers ... only to another separate crime, rather than those involved in a single prosecution.” Arutyunyan, 863 So.2d at 412 (quoting Mondesir, 814 So.2d at 1173, and citing Stafford, 818 So.2d at 694-95). Sousa II’s later disapproval of Mondesir’s holding implicitly rejected our reasoning in Arutyunyan. Because Arutyunyan conflicts with today’s decision, we recede from Arutyunyan.
In reaching our conclusion, we note that the supreme court in Sousa II did not address our sister courts’ reliance upon section 775.082(2)(d)’s accompanying legislative staff analysis advising that the statute “does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other.” Fla. House of Reps. Comm, on Crime & Punishment, Final Analysis, CS/CS/HB 113 (SB 194). We do not rely upon the staff analysis. As the second district acknowledged in Sousa I, the legislative staff analysis “appears to contrast with the wording of the statute.” 868 So.2d at 540.
Based on the foregoing, we affirm the defendant’s four consecutive minimum mandatory twenty-year sentences and certify the following question to be of great public importance:
Does section 775.087(2)(d)’s statement that “The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense” require consecutive sentences when the sentences arise from one criminal episode?

Affirmed; question certified.

[1]

*885 MAY, C.J., WARNER, POLEN, STEVENSON, GROSS, TAYLOR, DAMOORGIAN, CIKLIN, LEVINE, and CONNER, JJ., concur.

. In reaching our conclusion, we also have come to recognize the need to clarify a statement from one of our recent decisions, Jean-Michel v. State, 96 So.3d 1043 (Fla. 4th DCA 2012). There, we stated: "Sousa [II] held that 10-20-Life sentences involving multiple *885 victims must be served consecutively to each other, in accordance with the statutory mandate.” Id. at 1046. Sousa II did not expressly state such a holding, although we recognize such a holding in today’s opinion.