DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DOMINIQUE WRIGHT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1124

[July 23, 2014]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 2008CF004966BXX.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for attempted first-degree murder with a firearm and aggravated battery with a firearm. He argues the trial court erred in admitting victim one's testimony from the suppression hearing and two rap videos. He also argues the court erred in excluding certain portions of victim one's deposition testimony. The State cross-appeals and argues the trial court erred in imposing his sentences as concurrent, rather than consecutive.

We find no merit in the defendant's issues on appeal and affirm his conviction. We reverse the sentences however on the State's cross-appeal, and remand the case to the trial court for imposition of consecutive sentences based on section 775.087(2)(d), Florida Statutes (2011).

The defendant and co-defendant shot at two people in a car while they were parked in a driveway. They wounded victim one in the face and the

arm.  Victim two was injured by flying glass from the vehicle caused by the gunshots.  The State charged the defendant and co-defendant with attempted first-degree murder of victim one and aggravated battery of victim two, both with a firearm.

Prior to trial, the defense moved to suppress victim one's photo-lineup identification of the defendant, arguing it was tainted and unreliable.  Victim one testified at the suppression hearing and gave a detailed account of the shooting.  The court denied the motion to suppress.

Victim one was murdered four days after the hearing.  The State asked the court to find victim one unavailable for trial and allow the admission of his suppression hearing testimony.  Defense counsel objected and argued he had an insufficient opportunity to cross-examine victim one at the hearing.  The trial court ruled the testimony admissible.

The jury found the defendant guilty as charged, specifically finding he actually possessed and discharged a firearm, causing great bodily harm.  The trial court sentenced the defendant to thirty years' imprisonment with a twenty-five-year mandatory minimum for the attempted murder of victim one.  The court sentenced the defendant to twenty years' imprisonment with a twenty-year mandatory minimum for the aggravated battery of victim two.  Over the State's objection, the court ordered the sentences to run concurrently.  Both the State and the defendant filed timely notices of appeal to this Court.

We find no error in the trial court's ruling that the defense had sufficient opportunity to cross-examine the victim at the hearing on the motion to suppress.  *See Thompson v. State*, 995 So. 2d 532 (Fla. 2d DCA 2008) (finding murdered witness's prior testimony admissible where defendant was present, motivated to probe witness's recollection and credibility, and had an opportunity to cross-examine witness at first hearing).  We also find no error in the trial court's ruling not to allow the use of certain portions of victim one's deposition as inconsistent statements.  *See* § 90.614(2), Fla. Stat. (2011) ("Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement . . . ."); *see also Mattox v. United States*, 156 U.S. 237 (1895) (finding the court properly excluded alleged inconsistent statement as the defendant could not lay a proper foundation).

And last, we find no error in the trial court's admission of the rap videos created by the defendant as they were relevant to the commission of the crime.  *See Faust v. State*, 95 So. 3d 421 (Fla. 4th DCA 2012) (finding audio

2

recordings suggesting the defendant was using code words to direct others to get rid of a weapon were relevant). We therefore affirm the defendant's conviction.

The State however raises a valid argument on cross-appeal. It argues that the trial court's imposition of concurrent mandatory minimum sentences for possession and discharge of a firearm on two separate felonies constitutes an illegal sentence. We agree. We have de novo review. *Jackson v. State*, 925 So. 2d 1168, 1169 n.1 (Fla. 4th DCA 2006).

Section 775.087(2)(d) states:

> It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. **The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense**.

§ 775.087(2)(d), Fla. Stat. (2011) (emphasis added). The State argues that "shall" means the trial court lacks discretion to impose anything but a consecutive sentence.

We addressed this issue in *Williams v. State*, 125 So. 3d 879 (Fla. 4th DCA 2013). There, the defendant was sentenced to "four consecutive minimum mandatory twenty-year sentences on four counts of aggravated assault with a firearm resulting from one criminal episode." *Id.* at 880. On appeal, the defendant argued the trial court erred in finding that it had no discretion but to impose consecutive sentences. We held that the statute requires the trial court to impose consecutive sentences; there is no discretion.[1] *Id.*

---

[1] We certified the following question to the supreme court as one of great public importance:

> Does section 775.087(2)(d)'s statement that "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense" require consecutive sentences when the sentences arise from one criminal episode?

Based on our decision in *Williams*, the defendant agrees that the imposed sentence is illegal. We therefore reverse and remand this case to the trial court to vacate the concurrent sentences and to impose them consecutively. Because *Williams* is currently before the Florida Supreme Court, as requested by the defense, we again certify the following question as one of great public importance:

> Does section 775.087(2)(d)'s statement that "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense" require consecutive sentences when the sentences arise from one criminal episode?

*Affirmed on Direct Appeal; Reversed and Remanded on the State's Cross-Appeal.*

DAMOORGIAN, C.J., and WARNER, J., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

*Id.* at 884. The Florida Supreme Court accepted jurisdiction and held oral argument on June 4, 2014.

4