DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICKAEL JACKSON** a/k/a **MICHAEL JACKSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4918

[December 16, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 12-11052 CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant pled to charges of armed carjacking and robbery with a firearm, which occurred on the same date and involved the same victim. Each offense carried a ten-year mandatory minimum sentence. *See* § 775.087(2)(a)(1), Fla. Stat. (2014). The trial court imposed consecutive sentences.

Section 775.087(2)(d), commonly known as the 10-20-Life statute, provides:

> It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term*

*of imprisonment imposed for any other felony offense.*

(emphasis added).

This court decided in an en banc decision that the plain language of this statute mandates the imposition of consecutive sentences. *See Williams v. State,* 125 So. 3d 879 (Fla. 4th DCA 2013) (en banc) (finding the plain language of section 775.087(2)(d) required imposing consecutive sentences where the defendant committed four counts of aggravated assault with a firearm against four victims). Although the instant case involves one victim, nothing in the plain language of the statute indicates that it applies only where more than one victim is involved. As in *Williams,* we certify the following question as one of great public importance:

> Does section 775.087(2)(d)'s statement that "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense" require consecutive sentences when the sentences arise from one criminal episode?

*Id.* at 880.

*Affirmed; question certified.*

CIKLIN, C.J., TAYLOR and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***