DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D10-4237

[April 20, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Hoy and Joseph Marx, Judges; L.T. Case No. 2008CF002293AXX.

Jonathan R. Kaplan and Richard G. Lubin of Richard G. Lubin, P.A., West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

*EN BANC / ON REMAND FROM THE SUPREME COURT OF FLORIDA*

GERBER, J.

This case returns to us on remand from the Supreme Court of Florida. The defendant appealed his four consecutive minimum mandatory twenty-year sentences on four counts of aggravated assault with a firearm resulting from one criminal episode. He argued the trial court erred in finding that it was required to impose consecutive sentences pursuant to section 775.087(2)(d), Florida Statutes (2008), which provides:

It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court shall impose any term of imprisonment provided for*

*in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.*

§ 775.087(2)(d), Fla. Stat. (2008) (emphasis added).

Sitting en banc, we affirmed, concluding that section 775.087(2)(d), required the trial court to impose consecutive sentences resulting from one criminal episode. *Williams v. State*, 125 So. 3d 879 (Fla. 4th DCA 2013). However, we certified the following question to be of great public importance:

Does section 775.087(2)(d)'s statement that "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense" require consecutive sentences when the sentences arise from one criminal episode?

*Id.* at 880.

Our supreme court answered the certified question in the negative and quashed our decision. *Williams v. State*, SC13-1080, 2016 WL 825242 (Fla. Mar. 3, 2016).

Based on the foregoing, we reverse the defendant's four consecutive minimum mandatory twenty-year sentences and remand for resentencing consistent with our supreme court's decision.

*Reversed and remanded for resentencing.*

CIKLIN, C.J., WARNER, STEVENSON, GROSS, TAYLOR, MAY, DAMOORGIAN, LEVINE, CONNER, FORST, and KLINGENSMITH, JJ., concur.[1]

\* \* \*

---

[1] Because we issued our 2013 opinion en banc, we have issued this opinion on remand en banc.