DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODNEY MICHEL,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D12-4398

[May 25, 2016]

Petition for writ of habeas corpus to the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 08-10474 CF10A.

Rodney Michel, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa and Nancy Jack, Assistant Attorneys General, West Palm Beach, for respondent.

*ON REMAND FROM THE SUPREME COURT OF FLORIDA*

GERBER, J.

This case returns to us on remand from the Supreme Court of Florida. The defendant petitioned for a writ of habeas corpus, alleging ineffective assistance of appellate counsel on four grounds. On ground one, the defendant argued appellate counsel failed to raise the circuit court's error in finding that it was required to impose consecutive minimum mandatory ten-year sentences on counts three and four, resulting from one criminal episode, pursuant to section 775.087(2)(d), Florida Statutes (2008):

> It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court shall impose any term of imprisonment provided for*

*in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.*

§ 775.087(2)(d), Fla. Stat. (2008) (emphasis added).

In an order, we denied the petition in reliance upon our decision in *Williams v. State,* 125 So. 3d 879 (Fla. 4th DCA 2013). In *Williams*, we concluded that section 775.087(2)(d) required the trial court to impose consecutive sentences resulting from one criminal episode. *Id.* at 880. However, we certified the following question to be of great public importance:

> Does section 775.087(2)(d)'s statement that "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense" require consecutive sentences when the sentences arise from one criminal episode?

*Id.*

Our supreme court answered the certified question in the negative and quashed our decision. *Williams v. State*, 186 So. 3d 989 (Fla. 2016).

Our supreme court then quashed our decision in this case and remanded for reconsideration upon application of its decision in *Williams. Michel v. State*, SC13-1319 (Fla. May 5, 2016).

Based on the foregoing, we grant the defendant's petition on ground one only. We deny, without discussion, the defendant's petition on grounds two, three, and four. We remand for resentencing on counts three and four, consistent with our supreme court's decision in *Williams.*

*Petition granted in part and denied in part; remanded for resentencing.*

DAMOORGIAN and CONNER, JJ., concur.

\* \* \*

2