NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| JOSE CARLOS MARTINS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )    Case No. 2D16-741 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed May 17, 2017.

Appeal from the Circuit Court for
Lee County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Joshua Schoen, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Darla Dooley,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

       Jose Carlos Martins appeals his judgment and sixty-year prison sentences

entered pursuant to the 10-20-Life enhancement statute. Martins raises two issues on

appeal. We do not address Martins' unpreserved sufficiency of the evidence argument.

However, because the trial court believed it was required to impose consecutive

sentences pursuant to the enhancement statute, we reverse and remand for resentencing in light of the supreme court's decision in Williams v. State, 186 So. 3d 989, 993 (Fla. 2016) (holding that under section 775.087(2)(d), Florida Statutes, "a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently").

During sentencing, the State argued that Martins' three twenty-year minimum mandatory sentences should run consecutively under the 10-20-Life enhancement statute. See § 775.087(2)(d), Fla. Stat. (2013). The State relied on the Fourth District's en banc opinion in Williams v. State, 125 So. 3d 879, 883-84 (Fla. 4th DCA 2013) (holding that section 775.087(2)(d) requires a trial court to impose consecutive sentences for each qualifying offense). The State also disclosed that the supreme court had recently heard argument on review of Williams but had not yet issued an opinion. In an abundance of caution, the trial court continued Martins' sentencing to wait for the supreme court's disposition of Williams. When the parties reconvened, the supreme court still had not ruled, and the trial court, presuming that it had no discretion, ran Martins' sentences consecutively.

On appeal, Martins argues—and the State properly concedes—that because the trial court ordered consecutive sentences believing it had no discretion to do otherwise, his sentences should be reversed. We agree and accordingly reverse Martins' sentences and remand for resentencing in light of the supreme court's decision in Williams. We affirm Martins' judgment and sentences in all other respects.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and SLEET, JJ., Concur.

- 2 -