PER CURIAM.
Oscar Rua-Torbizco petitions this court under Florida Rule of Appellate Procedure 9.141(d) to vacate his convictions and sentences because his appellate counsel was ineffective. Based on the state's proper confession of error, we grant his petition in part.
On August 12, 2014, Rua-Torbizco was convicted by a jury of armed burglary, three counts of aggravated assault with a firearm, and fleeing and eluding a law enforcement officer. Pursuant to section 775.087(2) (the 10-20-Life statute), the jury also found that he actually possessed a firearm during the commission of the armed burglary and aggravated assaults. The trial court sentenced Rua-Torbizco to forty years in state prison with a ten year minimum mandatory for armed burglary; five years with a three year mandatory minimum for each of the aggravated assaults; and fifteen years for fleeing and eluding. Finding itself bound by our decision in Morgan v. State, 137 So.3d 1075 (Fla. 3d DCA 2014), decision quashed, 42 Fla. L. Weekly S680 (Fla. May 26, 2017), the trial court ran the sentences consecutively.
In Morgan, we held "that section 775.087(2)(d) unambiguously requires that any mandatory minimum term required by section 775.087(2) - whether the defendant fires a gun, or only carries or displays it - shall be imposed consecutively to any other term imposed for any other felony." Id. (quotation omitted). The Fourth District Court of Appeal in Williams v. State, 125 So.3d 879 (Fla. 4th DCA 2013) (en banc), decision quashed, 186 So.3d 989 (Fla. 2016), also held that "consecutive mandatory minimum sentences are required by section 775.087(2)(d)." 125 So.3d at 883. The Fourth District certified the following question of great public importance:
Does section 775.087(2)(d)'s statement that "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense" require consecutive sentences when the sentences arise from one criminal episode?
Id. at 884. The Florida Supreme Court accepted jurisdiction to hear the case on July 16, 2013.
Rua-Torbizco appealed his convictions and sentences on October 29, 2014. His brief raised two issues: (a) the trial court erred in overruling an objection to the detective's testimony about the firearm; and (b) the trial court abused its discretion in denying the motion for mistrial based on a question by the state that commented on the defendant's right to remain silent. Rua-Torbizco did not appeal his consecutive sentences under Morgan. We affirmed, and our mandate issued on December 4, 2015.
*464 On March 3, 2016, the Florida Supreme Court answered "no" to the Fourth District's question, and held as follows:
Generally, consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged. It follows, therefore, that a trial court must impose the mandatory minimum sentences concurrently under such circumstances.
If, however, multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory. In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently.
Williams, 186 So.3d at 993 (citations omitted).
Rua-Torbizco alleges in his petition that his appellate attorney was ineffective because he failed to argue the trial court erred in imposing mandatory consecutive sentences under the 10-20-Life statute. "The test for ineffective assistance of appellate counsel is whether: (i) the petitioner establishes that appellate counsel's performance was deficient; and (ii) that such deficient performance so prejudiced the petitioner as to undermine confidence in the result of the appeal." Marshall v. State, 240 So.3d 111, 116 (Fla. 3d DCA 2018). The state concedes that appellate counsel was deficient and prejudiced Rua-Torbizco by failing to raise the mandatory consecutive sentences on direct appeal. Had the issue been raised Rua-Torbizco's case would have been placed in the Morgan / Williams pipeline, and ultimately his sentence would have been reversed and remanded for a new sentencing hearing. See id. at 118 ("[H]ad Marshall been placed in the Montgomery pipeline when this Court affirmed his conviction and sentence for second degree murder on direct appeal, we find it extremely likely, if not virtually certain, that Marshall ultimately would have been granted the new trial that he now seeks in his instant petition." (footnote omitted) ).
Accordingly, we grant Rua-Torbizco's petition to the extent he claims his appellate counsel was ineffective in failing to raise the trial court's error in mandatorily sentencing him to consecutive sentences. We deny all the other claims in his petition.[1] Rua-Torbizco's sentences are vacated, and we remand for him to be resentenced in light of Williams and Walton v. State, 208 So.3d 60 (Fla. 2016).
Petition granted in part and denied in part; sentences vacated; remanded for resentencing.

Rua-Torbizco claimed that his appellate counsel was ineffective for failing to argue scoresheet errors on direct appeal. We deny this claim without prejudice to raise these scoresheet errors during his resentencing hearing.