# Third District Court of Appeal

## State of Florida

Opinion filed January 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2786
Consolidated: 3D13-2803
Lower Tribunal No. 09-13518A

_____

**Linaker Charlemagne,**
Appellant/Cross-Appellee,

vs.

**The State of Florida,**
Appellee/Cross-Appellant.


Appeals from the Circuit Court for Miami-Dade County, Nushin Sayfie, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.


Before SHEPHERD, LAGOA and EMAS, JJ.

SHEPHERD, J.

Linaker Charlemagne appeals his conviction and sentence of one count of first-degree murder with a firearm causing death, and a second of attempted first-degree murder with a firearm causing great bodily harm.  Pursuant to section 775.087(2)(a)3 of the Florida Statutes, the court sentenced him to concurrent terms of  imprisonment for life, with a minimum mandatory sentence of twenty-five years on each count, the minimum-mandatory portions also to run concurrently.  The State cross-appeals on the basis that section 775.087(2)(d) requires that the minimum mandatory portions of the two sentences must be imposed consecutively.

We find no merit in the points raised by the appellant on his appeal and affirm the conviction without discussion.  At the same time, we find the trial court had a mandatory obligation under section 775.087(2)(d) of the Florida Statutes (2014), to impose the minimum mandatory sentences consecutively in this case.  Morgan v. State, 137 So. 3d 1075 (Fla. 3d DCA 2014) (stating that section 775.087(2) requires "any mandatory minimum term required by section 775.087(2)—whether the defendant fires a gun or only carries or displays it—shall be imposed consecutively to any other term imposed for any other felony");[1] see also Williams v. State, 125 So. 3d 879 (Fla. 4th DCA 2013) (en banc); Walton v. State, 106 So. 2d 522 (Fla. 1st DCA 2013), rev. granted, 145 So. 3d 830 (Fla. 2014).  Accordingly, we reverse and remand the sentences in this case with the direction they be corrected to recite that the minimum mandatory sentences will

---

[1] The trial judge did not have this opinion at the time he sentenced the defendant.

run consecutively. Given the mandatory non-discretionary nature of the resentencing proceeding, the defendant need not be present for this purpose.

Affirmed in part, and reversed in part, with directions.