PER CURIAM.
In these consolidated cases, Ivan Webb was convicted of second-degree murder, possession of a firearm by a convicted *650 felon, and aggravated fleeing or attempting to elude a law enforcement officer — all part of the same criminal episode. Pursuant to section 775.087(2)(d), Florida Statutes, the trial court imposed consecutive mandatory minimum sentences based on Webb’s actual possession and discharge of a firearm. On appeal, Webb challenges only his sentences.
The trial court imposed consecutive mandatory minimum sentences for each conviction, concluding that then-binding decisions from this court, including Walton v. State, 106 So.3d 522 (Fla. 1st DCA 2013) (en banc), required consecutive sentences. However, during the pendency of this appeal, the Florida Supreme Court decided Williams v. State, 186 So.3d 989, 994 (Fla.2016), holding that consecutive mandatory minimum sentences in this situation are permissive but not mandatory. Accordingly, because the trial court believed it lacked discretion to impose concurrent mandatory minimum sentences, and because Williams now holds .otherwise, we reverse and remand for new sentencing consistent with Williams. See Henderson v. State, 192 So.3d 638 (Fla. 1st DCA 2016) (“[Bjecause the trial court did not have the opportunity to exercise discretion in imposing eonsecutivé mandatory minimum terms, we reverse Appellant’s sentences and remand for resentencing.”).
REVERSED and REMANDED.
B.L. THOMAS, WETHERELL, and WTNSOR, JJ., concur.