# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-705
Lower Tribunal No. 13-3255
_____

**Nivaldo Martinez-Castaneda,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan and Veronica A. Diaz, Judges.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant Nivaldo Martinez-Castaneda was convicted in Miami-Dade Circuit Court of armed burglary, two counts of aggravated assault with a firearm, two counts of armed kidnapping, battery, robbery, and violation of an injunction.[1] The trial court sentenced Martinez-Castaneda to life imprisonment for the burglary, kidnapping and robbery counts. Because Martinez-Castaneda committed the offenses with a firearm, the trial court imposed twenty-year mandatory minimum sentences for each of the burglary and kidnapping counts, and a ten-year mandatory minimum sentence for the robbery count, pursuant to section 775.087 of the Florida Statutes. Believing that the statute required her to do so, the trial court ordered these mandatory minimum sentences to run consecutively.

On appeal, Martinez-Castaneda challenged two evidentiary rulings of the trial court,[2] as well as the trial court's imposition of the consecutive mandatory minimum sentences. We affirm the trial court's evidentiary rulings without further comment. Further, we remand the case to the trial court to exercise its discretion as to whether these mandatory minimum sentences should run consecutively to or concurrently with each other.

---

[1] Prior to sentencing, the State dismissed the two aggravated assault counts and the battery count.

[2] The two evidentiary rulings were: (i) the introduction of evidence of uncharged crimes, and (ii) the relevance and prejudicial effect of a portion of the investigating detective's testimony.

On February 5, 2013, Martinez-Castaneda appeared with a gun at the apartment of Evelyn Hernandez and her minor daughter. Ms. Hernandez and Martinez-Castaneda had had a romantic relationship that ended in the summer of 2012, which eventually resulted in Ms. Hernandez obtaining a restraining order against Martinez-Castaneda. On this particular day, Martinez-Castaneda brandished the gun at Ms. Hernandez's daughter, entered Ms. Hernandez's apartment, threatened to kill both women, forced Ms. Hernandez to disrobe and dress again, fired a shot into the ceiling, and kidnapped the two women in Martinez-Castaneda's car to the Florida Keys.

They drove to Key West and back to Miami. Upon their return, Martinez-Castaneda instructed Ms. Hernandez to go to her bank and withdraw one hundred dollars for him. At all times during the trip to Key West and back, Martinez-Castaneda possessed the gun. Upon leaving the two woman at their apartment, Martinez-Castaneda threatened to kill them if they called the police.

The parties have directed this Court's attention to evolving Florida Supreme Court jurisprudence on the subject of whether a trial court must impose consecutive mandatory minimum sentences when multiple offenses arise from a single criminal episode. In this case, the trial court imposed mandatory minimum sentences, pursuant to section 775.087 of the Florida Statutes, because Martinez-Castaneda possessed and used a firearm during the commission of his crimes. The

3

record reflects that the trial court, from its interpretation of the language of the statute, thought it was required to impose the mandatory minimum sentences on a consecutive basis.[3]

The Florida Supreme Court has recently held that, "under the plain language of section 775.087(2)(d), consecutive mandatory minimum sentences are not required, but are permissible, if the sentences arise from a single criminal episode." Williams v. State, 186 So. 3d 989, 994 (Fla. 2016). Thus, the imposition of consecutive mandatory minimum sentences is a matter for the trial court's discretion. Webb v. State, 197 So. 3d 649 (Fla. 1st DCA 2016). We reverse and remand for new sentencing consistent with Williams v. State.[4]

Affirmed; remanded with instructions.

---

[3] Section 775.087(2)(d) provides:

> "It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.

> § 775.087(2)(d), Fla. Stat. (2013).

[4] We note that the trial court did not have the benefit of Williams v. State at the time of the original sentencing.