# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D13-2786, 3D13-2803
Lower Tribunal No. 09-13518A

_____

**Linaker Charlemagne,**
Appellant/Cross-Appellee,

vs.

**The State of Florida,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant/cross-appellee.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee/cross-appellant.

Before LAGOA, EMAS and FERNANDEZ, JJ.

**<u>ON REMAND FROM THE SUPREME COURT OF FLORIDA</u>**

EMAS, J.

Linaker Charlemagne was convicted of one count of first-degree murder with a firearm (discharging a firearm resulting in death) and one count of attempted first-degree murder with a firearm (discharging a firearm resulting in great bodily harm). The trial court imposed concurrent sentences of life imprisonment. Pursuant to section 775.087(2)(a)3, Florida Statutes (2009) (the 10-20-Life statute), each of the life sentences carried a mandatory minimum sentence of twenty-five years in prison. The trial court ordered that the twenty-five year mandatory minimum sentences be served concurrently.

On direct appeal, we affirmed the convictions. Charlemagne v. State, 185 So. 3d 540 (Fla. 3d DCA 2016) (Mem). The State cross-appealed the twenty-five year mandatory minimum sentences, contending that the trial court did not have the discretion to direct that they be served concurrently. The State argued that the language of the 10-20-Life statute required that the twenty-five year mandatory minimum terms be imposed consecutively.

We agreed, reversed the sentences and remanded with directions that the sentences be corrected to reflect that the twenty-five year mandatory minimum terms shall be served consecutively. In doing so, we relied upon Williams v. State, 125 So. 3d 879 (Fla. 4th DCA 2013) and Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013), each of which was subsequently quashed by the Florida Supreme

2

Court.[1]  See Walton v. State, 208 So. 3d 60 (Fla. 2016); Williams v. State, 186 So. 3d 989 (Fla. 2016).  In Williams, the Florida Supreme Court addressed whether and under what circumstances the 10-20-Life statute prohibited, permitted or required consecutive mandatory minimum sentences.  The Court held that, for purposes of sentencing under the 10-20-Life statute:

> Generally, consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged. . . .  It follows, therefore, that a trial court must impose the mandatory minimum sentences concurrently under such circumstances.
>
> If, however, multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory. In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently.
>
> Id. at 993 (internal citations omitted).

Charlemagne petitioned for review in the Florida Supreme Court.  The Florida Supreme Court granted review, quashed our decision, and remanded the case for reconsideration in light of its decisions in Walton and Williams.

It is undisputed that Charlemagne was convicted of multiple firearm offenses, committed contemporaneously, during which multiple victims were shot

---

[1] We also relied upon our decision in Morgan v. State, 137 So. 3d 1075 (Fla. 3d DCA 2014).  The Florida Supreme Court subsequently quashed Morgan and remanded the case for reconsideration in light of Walton and Williams.  Morgan v. State, SC14-757 (Fla. May 26, 2017).

at. Therefore, under <u>Williams</u>, the imposition of consecutive mandatory minimum sentences was permissible but not mandatory. The transcript of the sentencing hearing establishes that the trial court exercised its discretion in ordering that the mandatory minimum sentences be served concurrently rather than consecutively. These sentences were consistent with the Florida Supreme Court's holding in <u>Williams</u>, and were within the trial court's discretion.

We therefore affirm the convictions (direct appeal) and the sentences imposed by the trial court (cross-appeal), including the twenty-five year mandatory minimum sentences, which the trial court ordered to be served concurrently.

Affirmed.