# Third District Court of Appeal

## State of Florida

Opinion filed October 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-698
Lower Tribunal No. 14-5657
_____


**Ronald Jerome Lee,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Ronald Jerome Lee, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

Ronald Jerome Lee appeals from a trial court order which granted his motion to correct illegal sentence but which resentenced Lee in absentia and without the presence of, or representation by, counsel. We reverse for a new sentencing proceeding because Lee had a right to be present and to be represented by counsel at the resentencing hearing in which the trial court had discretion in determining the new sentence to be imposed.

Lee was originally sentenced to forty years' imprisonment for attempted second-degree murder with a firearm, together with a twenty-year mandatory minimum for discharge of a firearm during the commission of that crime.[1] The trial court ordered that the twenty-year mandatory minimum sentence for that count be served consecutively to the twenty-year mandatory minimum sentences imposed in two other counts (two counts of aggravated assault with a firearm, each involving discharge of a firearm). At the time of Lee's original sentencing, the trial court believed it had no discretion and was required to order that the mandatory minimum sentences be served consecutively. See Morgan v. State, 137 So. 3d 1075 (Fla. 3d DCA 2014) (quashed by Morgan v. State, 42 Fla. L. Weekly S680 (Fla. May 26, 2017)); Williams v. State, 125 So. 3d 879 (Fla. 4th DCA 2013) (quashed by Williams v. State, 186 So. 3d 989 (Fla. 2016)).

---

[1] See § 775.087(2)(d), Fla. Stat. (2014) (known as the 10/20/Life statute, it requires a mandatory minimum sentence of twenty years where a defendant discharges a firearm during the course of the commission of certain enumerated felonies).

Lee filed a motion to correct illegal sentence pursuant to rule 3.800(a), contending in part that the forty-year sentence is illegal because the crime of attempted second-degree murder with a firearm is a first-degree felony, punishable by a maximum of thirty years.[2] The trial court granted the motion to correct illegal sentence, and resentenced Lee to thirty years' imprisonment, with a twenty-year mandatory minimum. The trial court again ordered that the twenty-year mandatory-minimum portion of the sentence be served consecutively to the mandatory minimum sentences imposed on the aggravated assault counts. Neither Lee nor his counsel were present for the resentencing proceeding.

The State has properly and commendably conceded that, although the trial court properly granted Lee's motion to correct illegal sentence, the trial court erred in resentencing Lee in absentia and without the presence of, and representation by, counsel. Where a trial court grants a motion to correct an illegal sentence, a defendant has the right to be present at the resentencing and to be represented by counsel. Jordan v. State, 143 So. 3d 335, 338 (Fla. 2014); Gonzalez v. State, 221 So. 3d 1225 (Fla. 3d DCA 2017); Mullins v. State, 997 So. 2d 443, 445 (Fla. 3d

---

[2] See §§ 777.04(4)(c), 782.04, Fla. Stat. (2014) (together providing that attempted second-degree murder is a second-degree felony, punishable by a maximum of fifteen years); § 775.087, Fla. Stat. (reclassifying a second-degree felony to a first-degree felony for use of a firearm); § 775.082(3)(b)1. (providing that the maximum sentence for a first-degree felony is "a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment").

DCA 2008) (holding that a "new sentencing hearing is a critical stage of the proceedings, and due process requires he be present and assisted by counsel"). See also Fla. R. Crim. P. 3.180(a)(9) (providing that "the defendant shall be present . . . at the pronouncement of judgment and the imposition of sentence"). While a violation of this right is subject to a harmless error analysis, Jordan, 143 So. 3d at 338, the State acknowledges, and we agree, that the error in this case is not harmless, as the trial court had discretion in imposing a corrected, legal sentence. See id. at 339-40 (holding that "a resentencing at which the trial judge has discretion is not a ministerial act").

The trial court had the authority to impose a sentence less than the maximum legal sentence of thirty years. Although the original sentence of forty years (and the corrected sentence of thirty years) would appear to demonstrate the trial court's intent to impose the maximum allowable sentence, the absence of Lee and his counsel from the resentencing deprived Lee of the opportunity to present evidence and argument to the trial court that some sentence less than the maximum is appropriate.

Further, since the time of Lee's original sentence, our decision in Morgan, and the Fourth District's decision in Williams, have been quashed by the Florida Supreme Court, and the law is now clear that the trial court has the discretion to order the twenty-year mandatory minimum portion of Lee's sentence to be served

concurrently with, rather than consecutively to, the other mandatory minimum sentences imposed in this case. See Morgan, 42 Fla. L. Weekly S680 at *1; Williams, 186 So. 3d at 995; Charlemagne v. State, 223 So. 3d 1124 (Fla. 3d DCA 2017); Martinez-Castaneda v. State, 225 So. 3d 847 (Fla. 3d DCA 2016). Indeed, the trial court's resentencing order acknowledges this clarification of the law, but concludes that the mandatory minimum portion of the sentence should be served consecutively to the mandatory minimum sentences imposed for the aggravated assault convictions. Nevertheless, because this determination involves the exercise of the trial court's discretion, Lee and his counsel were entitled to be present at the resentencing and to present evidence and argument to the trial court on the issue.[3]

We therefore vacate the corrected sentence imposed for Lee's conviction for attempted second-degree murder, and remand for the trial court to conduct a resentencing proceeding on that count and thereafter impose sentence. Lee shall be present for that proceeding and shall be represented by counsel. We express no opinion with regard to what sentence should be imposed at resentencing.

---

[3] As discussed earlier, at the time of the original sentencing, the trial court followed the then-existing law, which gave the trial court no discretion and required it to impose the mandatory minimum sentence consecutively. Thus, at this resentencing proceeding, Lee and his counsel will be afforded the opportunity to present to the trial court, for the first time, evidence and argument in support of a concurrent, rather than a consecutive, mandatory minimum sentence on this count. See Mason v. State, 210 So. 3d 120 (Fla. 2d DCA 2016).