DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY AZOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2269

[June 8, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 12014106 CF10A.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was convicted of two counts of robbery with a firearm and one count of aggravated assault. We affirm these convictions without further comment, but reverse and remand for resentencing pursuant to the Florida Supreme Court's recent decision in *Williams v. State*, 186 So. 3d 989 (Fla. 2016). Below, the trial court imposed consecutive mandatory minimum sentences pursuant to this court's precedent interpreting section 775.087(2), Florida Statutes (2008) (the 10-20-Life statute). The trial court believed it was constrained to impose the mandatory minimum terms consecutively based on our original holding in *Williams v. State*, 125 So. 3d 879 (Fla. 4th DCA 2013), *quashed by Williams*, 186 So. 3d 989. Although the trial court was correct at the time, our supreme court subsequently quashed that original holding, clarifying that "a trial court must impose the mandatory minimum sentences concurrently under such circumstances," because "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the

same criminal episode and a firearm was merely possessed but not discharged." *Williams*, 186 So. 3d at 993.

As such, we affirm appellant's convictions but remand for imposition of concurrent mandatory minimum terms in accordance with the supreme court's most recent opinion.

*Affirmed in part; Reversed and Remanded in part.*

GROSS, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***