DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TASHEEM T. DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-0296

[July 5, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 13CF004753AMB.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Tasheem Davis appeals his conviction and sentence for one count of robbery with a firearm and one count of burglary of an occupied conveyance while armed with a firearm. Both offenses stemmed from a single criminal episode during which Appellant possessed, but did not discharge, a firearm. Appellant was sentenced to fifteen years with a ten year mandatory minimum for the robbery charge, and five years with a three year mandatory minimum for the burglary charge. The trial court, believing that it was constrained to do so pursuant to our original holding in *Williams v. State*, 125 So. 3d 879 (Fla. 4th DCA 2013), imposed both mandatory minimum sentences consecutively. We affirm Appellant's convictions without further comment, but for reasons discussed below, remand for imposition of concurrent mandatory minimum prison terms.

"Section 775.087, Florida Statutes, commonly referred to as the 10-20-Life statute, provides for mandatory minimum sentences for offenders who possess or use a firearm in some manner during the commission of certain crimes." *Mendenhall v. State*, 48 So. 3d 740, 746 (Fla. 2010). As to how sentences are to be imposed under the 10-20-Life statute, the statute

provides:

> It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection **consecutively** to any other term of imprisonment imposed for any other felony offense.

§ 775.087(2)(d), Fla. Stat. (2016) (emphasis added).

In *Williams v. State*, 125 So. 3d 879, 884 (Fla. 4th DCA 2013), we held that based on the language in the above quoted subsection (2)(d), a trial court is *required* to impose the mandatory minimum sentences for qualifying felonies which occur during the same criminal episode consecutively. During the pendency of this appeal, the Florida Supreme Court quashed our decision in *Williams* and held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d 989, 993 (Fla. 2016).

In the present case, it is undisputed that Appellant did not discharge a firearm when committing the multiple qualifying offenses. Accordingly, the "trial court must impose the mandatory minimum sentences concurrently under such circumstances." *Williams*, 186 So. 3d at 993. We accordingly affirm Appellant's convictions but remand for imposition of concurrent mandatory minimum prison terms. *See Azor v. State*, 192 So. 3d 1255, 1255 (Fla. 4th DCA 2016).

*Affirmed in part, reversed and remanded in part.*

CIKLIN and LEVINE, JJ., concur.

*           *           *

***Not final until disposition of timely filed motion for rehearing.***